IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AXALTA COATING SYSTEMS, LLC | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 21-3800 |
| | : | |
| SRS VENTURES, INC. | : | |
| | : | |

**McHUGH, J.**                                                                                                              **November 30, 2021**

<u>**MEMORANDUM**</u>

Plaintiff seeks to substitute service on the California Secretary of State pursuant to Cal. Corp. Code 1702(a). As the Plaintiff has been unable to serve the Defendant despite exercising reasonable diligence, Plaintiff's motion to allow substitute service is granted.

I. **Factual and Procedural Background**

On August 25, 2021, Plaintiff Axalta filed a complaint against SRS Ventures, a California corporation. ECF 1. Asam Reynoso is SRS Ventures' registered agent for service and its only corporate officer. Decl. Supp. Mot. Substitute Service, ECF 3-2 ¶ 6. First, Axalta's process server attempted to complete service on the Defendant at the corporation's registered address, but was told by the current occupant that SRS Ventures and Reynoso had vacated the location over two years ago. Aff. Due Diligence, ECF 3-3, Ex. A. According to the process server, the current business at the registered address is Prestige Collision Autobody, not SRS Ventures. *Id.* Next, Axalta located an additional address for Reynoso and its process server attempted service there twice: the first time no one was present, and the second time the current occupant stated that Reynoso now lives at a different address in Anaheim. Aff. Due Diligence, ECF 3-4, Ex. B. Finally, the process server attempted service at the Anaheim address, but the occupant stated that Reynoso and SRS Ventures are unknown to her. Aff. Due Diligence, ECF 3-5, Ex. C. Axalta

states that, despite a diligent search, it has found no other addresses associated with SRS Ventures or Reynoso. Decl. Supp. Mot. Substitute Service, ECF 3-2 ¶ 7. Therefore, it moves for an order allowing service on SRS to be substituted on the California Secretary of State pursuant to Cal. Corp. Code 1702(a). ECF 3.

## II.   Legal Standard:

Fed. R. Civ. Proc. 4(h)(1)(A) allows service of process to corporations and other business entities in the same ways permitted by Rule 4(e) 1. Rule 4(e)(1) permits service by "following state law for serving summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Under California law, a court may order under certain circumstances that service be made on a corporation by hand-delivery of process to the Secretary of State. Specifically, California Corporations Code Section 1702(a) provides:

> If an agent for the purpose of service of process has resigned and has not been replaced or if the agent designated cannot with reasonable diligence be found at the address designated for personally delivering the process, or if no agent has been designated, and it is shown by affidavit to the satisfaction of the court that process against a domestic corporation cannot be served with reasonable diligence upon the designated agent by hand in the manner provided in Section 415.10, subdivision (a) of Section 415.20 or subdivision (a) of Section 415.30 of the Code of Civil Procedure or upon the corporation in the manner provided in subdivision (a), (b) or (c) of Section 416.10 or subdivision (a) of Section 416.20 of the Code of Civil Procedure, the court may make an order that the service be made upon the corporation by delivering by hand to the Secretary of State, or to any person employed in the Secretary of State's office in the capacity of assistant or deputy, one copy of the process for each defendant to be served, together with a copy of the order authorizing such service. Service in this manner is deemed complete on the 10th day after delivery of the process to the Secretary of State.

Cal. Corp. Code § 1702(a).[1]

---

[1] I have the authority to issue a court order pursuant to Cal. Corp. Code § 1702(d) (providing that the court order may be from "any federal court if the suit, action, or proceeding has been filed in that court.").

A motion to serve a corporation pursuant to California Corporations Code § 1702(a) "requires an affidavit stating that the corporation cannot be served with reasonable diligence." *Gambord v. Westside Gas, Inc.,* No. 17-CV-00262-BLF, 2017 WL 2774408, at *3 (N.D. Cal. June 26, 2017). In considering if the plaintiff has exercised "reasonable diligence," the Court "examines the affidavit to see whether the plaintiff 'took those steps a reasonable person who truly desired to give notice would have taken under the circumstances.'" *Freshko Produce Servs., Inc. v. ILA Prod., Inc.,* No. 119-00017, 2020 WL 2039049, at *2 (E.D. Cal. Apr. 28, 2020) (quoting *Donel, Inc. v. Badalian,* 150 Cal. Rptr. 855, 859 (Cal. Ct. App. 1978)).

**III.    Discussion**

Plaintiff seeks to serve SRS Ventures via the California Secretary of State. In considering this motion, the Court analyzes whether the conditions set forth in California Corporation Code §1702(a) have been satisfied, including the inability to effect service on the designated agent in the manner provided in California Code of Civil Procedure §§ 415.10, 415.20(a), and 415.30(a); or upon the corporation in the manner provided in sections 416.10(a) and (b). Sections 416.10(c) and 416.20(a) do not apply because SRS is not a bank, and Plaintiff does not allege that SRS has forfeited its charter or dissolved. Cal. Code Civ. Proc. §§ 416.10(c), 416.20(a). Thus, I need not reach those two sections.

First, § 415.10(a) allows service by "personal delivery. . . to the person to be served." Cal. Code Civ. Proc. § 415.10(a). Here, the record reflects Plaintiff's various unsuccessful attempts to effect service of process by personal delivery on SRS through its designated agent, Asam Reynoso. As described above, the process server who attempted to serve Reynoso at SRS Ventures' headquarters and the registered address for service of process was told that Reynoso and SRS Ventures had vacated the premises. Decl. Supp. Mot. Substitute Service, ECF 3-2 ¶ 3. Axalta

conducted three more attempts at service at two different addresses. At the first address, the process server was given a forwarding address. *Id.* ¶ 4. At the forwarding address, the occupant denied any knowledge of Reynoso or the company. *Id.* ¶ 5. In his affidavit, Axalta's attorney attests that "[d]espite a diligent search, Axalta has not been able to locate any other addresses or methods on which to complete serve on Reynoso or SRS Ventures." *Id.* ¶ 7. Plaintiff has exercised reasonable diligence to locate Reynoso and has exhausted the available leads. As Reynoso holds all officer and director titles for the corporation and is the registered agent, *id.* ¶ 6, there is no other individual to look for to effect service.

Due to Plaintiff's multiple attempts and continued inability to serve SRS at its registered address for service of process, personal delivery under § 415.10 is unavailable. *See Bein v. Brechtel-Jochim Grp., Inc.,* 8 Cal. Rptr. 2d 351 (Cal. Ct. App. 1992) (finding that three attempts at service to defendant's residence was sufficient to allow substitute service of process); *DISH Network, LLC v. Platinum Satellite, Inc.,* No. 18-CV-00043-WYD-NYW, 2018 WL 1010940, at *2 (D. Colo. Feb. 22, 2018) (allowing substitute service under §1702 where Plaintiff unsuccessfully attempted service five times at two addresses and was unable to locate any additional valid addresses).

Second, § 415.20(a) allows service by leaving a copy of the complaint and summons at the office or home address of the person to be served "with the person who is apparently in charge thereof" and subsequently mailing the documents to the person to be served at the same address where the documents were left. Cal. Code Civ. Proc. § 415.20(a). Despite reasonable efforts, Axalta was unable to locate someone "apparently in charge" of Reynoso's addresses. *See Johnson v. Umbarger LLC,* No. 20-CV-06542-LHK, 2021 WL 292192, at *3 (N.D. Cal. Jan. 28, 2021) (service under 415.20(a) "could not be accomplished through reasonable diligence in light of

Plaintiff's failure to locate 'a person who is apparently in charge' at agent's office or home address"); *Floyd v. Saratoga Diagnostics, Inc.,* No. 20-CV-01520-LHK, 2020 WL 3035799, at *3 (N.D. Cal. June 5, 2020) (service under this section could not be effected in light of defendant's co-occupant's refusal to cooperate with the process server and identify himself).

Third, § 415.30(a) allows for service by first-class mail or airmail, postage prepaid to the person to be served, together with two copies of the notice and acknowledgment provided for in subdivision [§ 415.30](b) and a return envelope, postage prepaid, addressed to the sender. Cal. Code Civ. Proc. § 415.30(a). This method of service is complete when "a written acknowledgement of receipt of summons is executed, if such acknowledgement thereafter is returned to the sender." *Id*. at § 415.30(c). Here, Plaintiff has shown that the current addresses of SRS and Reynoso cannot be confirmed. As such, service under this section cannot be reasonably completed and the lack of service by mail to date will not preclude the Court from ordering substitute service under §1702(a). *See Abner Reyes v. Arrow Holding, LP,* No. 220CV06875VAPKSX, 2021 WL 2980596, at *2 (C.D. Cal. Feb. 4, 2021) (finding service pursuant to 415.20 and 415.30(a) unavailable where corporate and agent's addresses cannot be confirmed). However, Plaintiff is also directed to serve process by first class or airmail as detailed in § 415.30 to all three possible addresses for SRS Ventures and Mr. Reynoso.

Finally, §§ 416.10(a) and (b) provide for service on a corporation to the designated agent for service of process, as well as the corporate officers and directors. Cal. Code Civ. Proc. §§ 416.10(a),(b). In addition to being SRS Ventures' registered agent, Reynoso holds all officer and director positions in the corporation. Thus, Plaintiff's reasonable diligence in attempting to serve Reynoso doubles as reasonable diligence in service on SRS Ventures' officers and directors. *See*

*Floyd,* 2020 WL 3035799, at *3 (finding section 416.10 satisfied when plaintiff was unable to serve the lone identified officer); *Gambord,* 2017 WL 2774408, at *3 (same).

The Court is satisfied that Plaintiff has meet the requirements of § 1702(a).  Specifically, Plaintiff has unsuccessfully tried to serve Reynoso and SRS Ventures pursuant to the California Code of Civil Procedure and has provided an affidavit in this regard.

Plaintiff is directed to serve process by first-class or airmail pursuant to the requirements in § 415.30 to all possible addresses for SRS Ventures and Mr. Reynoso.  In addition, Axalta is permitted to serve SRS Ventures by hand-delivering the process and my accompanying Order to the California Secretary of State.  Service will be deemed completed on the 10th day after delivery of process.  Cal. Corp. Code § 1702(a).

### IV. Conclusion

Plaintiff's Motion to Substitute Service will be granted.  An appropriate order follows.

  /s/ Gerald Austin McHugh
United States District Judge